UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGIONS BANK,

    Plaintiff,

v.                                                 Case No. 8:19-cv-2182-T-60JSS

CHRISTOPHER M. ALLEN
and EDWARD JONES,

    Defendants.
_____/

## ORDER DENYING "DEFENDANTS' RULE 12(B) MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT AND MEMORANDUM OF LEGAL AUTHORITY IN SUPPORT"

This matter is before the Court on "Defendants' Rule 12(b) Motion to Dismiss or, in the Alternative, Motion for More Definite Statement and Memorandum of Legal Authority in Support," filed by counsel on November 4, 2019. (Doc. 17). On December 2, 2019, Plaintiff Regions Bank filed its response in opposition to the motion. (Doc. 25). On January 6, 2020, Defendants Christopher M. Allen and Edward Jones filed a reply. (Doc. 29). The Court held a hearing to address this matter on March 10, 2020. (Docs. 34; 39). After reviewing the motion, response, reply, legal arguments, court file, and the record, the Court finds as follows:

## Background

Defendant Christopher Allen was a private wealth advisor at Regions Bank's Lakeland Office until January 2019. Regions alleges that when Mr. Allen left to take a position with Edward Jones, he stole confidential and trade secret customer

information and used this information to induce several Regions customers to transfer their accounts to Edward Jones and other institutions.

## Analysis

In their motion to dismiss, Defendants argue that this dispute is subject to mandatory arbitration under the Financial Industry Regulatory Authority's (FINRA) arbitration rules, which generally require the arbitration of disputes between participants in the securities industry. Defendants further argue that if this case were to proceed, Cetera Investment Services, LLC is an indispensable party and must be joined, but that Cetera cannot be joined because Cetera and Edward Jones have agreed to arbitrate the underlying dispute.[1] Finally, Defendants argue that the pleading is so vague and ambiguous that Defendants are unable to parse out Regions' alleged interest in the case, because it omits highly material facts and conflates banking and brokerage services.

Upon review, the Court concludes that this dispute is not subject to mandatory arbitration. Specifically, the Court finds that Regions is not a party to any independent arbitration agreement with either Mr. Allen or Edward Jones. Moreover, Regions is not subject to FINRA's mandatory arbitration rules.[2] It is undisputed that Regions is not a FINRA member itself. Although Defendants argue that Regions is an "associated person" who is subject to FINRA arbitration Rule

---

[1] During his employment with Regions, Mr. Allen maintained a brokerage license through Cetera, a brokerage service and FINRA member.
[2] FINRA Rule 13200(a) provides that "[e]xcept as otherwise provided in the Code, a dispute must be arbitrated under the Code if the dispute arises out of the business activities of a member or an associated person *and* is between or among: Members; Members and Associated Persons; or Associated Persons."

13200(a), the term "associated person" refers to a natural person.  *See* FINRA Rule 131000(r) (requiring an "associated person" to be a "natural person"); *BMO Harris Bank, N.A. v. Lailer*, Case No. 16-CV-545-JPS, 2016 WL 4126471, at *3-4 (E.D. Wis. Aug. 2, 2016) (citing *Citigroup Glob. Markets Inc. v. Abbar*, 761 F.3d 268, 274 (2d Cir. 2014)) (explaining that because an associated person must be a natural person, a bank was not an associated person subject to FINRA arbitration rules).  Because Regions is neither a "member" nor an "associated person" under FINRA rules, this dispute is not subject to mandatory arbitration.

The Court further finds that Cetera is not an indispensable party to the present dispute, which alleges the violation of the non-solicitation provision of Mr. Allen's employment agreement with Regions.  The Court is able to accord complete relief in Cetera's absence.  *See* Fed. R. Civ. P. 19 (explaining that a party must be joined if "in that person's absence, the court cannot accord complete relief among existing parties").

Finally, the Court finds that the complaint is not vague or ambiguous. Plaintiff's allegations provide sufficient notice of the nature of its claims against Defendants.  *See Woods v. On Baldwin Pond, LLC*, 634 F. App'x 296, 298 (11th Cir. 2015) (citing *Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985)) (explaining that a complaint needs only to fairly apprise the defendants of the claims against them). Consequently, the motion to dismiss is due to be denied.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendants' Rule 12(b) Motion to Dismiss or, in the Alternative, Motion for More Definite Statement and Memorandum of Legal Authority in Support" (Doc. 17) is hereby **DENIED**.

(2) Defendants are directed to file an answer on or before April 30, 2020.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>9th</u> day of April, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**